NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1913
_____

GREGORY F. JOHNSON,
                                        Appellant

v.

NBC UNIVERSAL, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 2-08-cv-03780
(Honorable Dennis M. Cavanaugh)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2010

Before:  SCIRICA, FUENTES and JORDAN, *Circuit Judges*.

(Filed: November 30, 2010)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

        Gregory F. Johnson appeals the denial of his motion to remand to state court a

breach of contract action related to his employment with NBC Universal, Inc.  We will

affirm.

I.

Gregory F. Johnson was employed by NBC Universal, Inc. on Law & Order Special Victims Unit from September 12, 2006 until July 16, 2007. Johnson began work as a grip, but was promoted to the best boy position within two months of starting at NBC. During the entire time Johnson was employed by NBC, he was represented exclusively by the International Alliance of Theatrical and Stage Employees, Local Union 52.

The union negotiated a Collective Bargaining Agreement with a number of television and film companies, including NBC, that contained, among other things, terms of Johnson's employment, including a grievance procedure. Notably, the CBA authorized the Union to directly negotiate form deal memoranda on behalf of its members with employers covered by the CBA. Deal memos are signed by the employee and a specific employer and contain additional employment provisions specific to the employer. Two such form deal memoranda negotiated by the Union were applied to Johnson's employment at NBC on September 11, 2006 and April 16, 2007. The deal memos referenced and attached NBC policies, including a Policy Against Harassment.

Johnson contends his supervisor, Paul Volo, harassed him in derogation of the Policy from November 2006 onward. He reported this harassment on January 29, 2007 to Gail Barringer, who was designated by the Policy to receive such complaints. NBC subsequently terminated Johnson's employment on July 16, 2007. Johnson filed a

2

complaint of harassment with NBC's Ombudsperson as directed by the Policy, but did not file a grievance under the CBA.

Johnson sued NBC in New Jersey state court contending it breached the Policy Against Harassment, which he argued was a stand-alone contract. NBC removed the action to the United States District Court for the District of New Jersey on the grounds Johnson's claim was preempted by Section 301 of the Labor Management Act (LMRA), 29 U.S.C. § 185. Johnson moved to remand the case to state court contending the District Court lacked subject matter jurisdiction. *See* 28 U.S.C. 1447(c).

The District Court denied Johnson's motion, holding his claim was completely preempted by the LMRA. The District Court then dismissed Johnson's claim with prejudice because the parties did not dispute Johnson had failed to exhaust the mandatory grievance and arbitration procedures set forth in the CBA. Johnson timely appealed.

On appeal, Johnson only presents arguments contesting the District Court's denial of his motion to remand. Johnson contends the District Court improperly denied his motion to remand because his action is not substantially dependent on interpretation of a collective bargaining agreement.[1]

II.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a denial of a motion to remand. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 665 (3d Cir. 2002).

3

A District Court must grant a motion to remand if it lacks subject matter jurisdiction. 28 U.S.C. § 1447; *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, we must address whether the District Court had federal subject matter jurisdiction over Johnson's claim. *Kline v. Sec. Guards, Inc.*, 386 F.3d 246, 251 (3d Cir. 2004).

Ordinarily, under the well-pleaded complaint rule, in order to be removable, federal jurisdiction must be pleaded in a plaintiff's complaint. *See Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399 (3d Cir. 2004). "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption . . . ." *Caterpillar*, 482 U.S. at 393. But the doctrine of complete preemption creates an exception to the well-pleaded complaint rule *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Pascack*, 388 F.3d at 400.

Under the doctrine of complete preemption, "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Pascack*, 388 F.3d at 400 (quotation omitted). State law claims are completely preempted by the LMRA when the claims are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract . . . ." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *see Kline*, 386 F.3d at 252.

The District Court properly concluded Johnson's claim would be substantially dependent upon analysis of the terms of an agreement made between the parties in a labor

4

contract. Johnson's argument the Policy Against Harassment is a stand-alone contract is unpersuasive. The CBA explicitly authorizes the negotiation of deal memos between the Union and employers covered by the CBA, including NBC. The 2007 Deal Memo signed by Johnson states in relevant part: "This deal memo and any applicable collective bargaining agreement ("CBA") shall constitute our full understanding and shall supersede any oral or written terms not specifically set forth on this memo or in its attachments." Accordingly, as the District Court noted, the CBA and Deal Memos together memorialize the terms of agreement negotiated between NBC and the Union. *Cf. Caterpillar*, 482 U.S. at 395; *Beidleman v. Stroh Brewing Co.*, 182 F.3d 225, 230-31 (3d Cir. 1999). Johnson implicitly acknowledged this when he initialed the 2006 and 2007 Deal Memos "As Per 52," and "As Per Local 52."

Moreover, the Deal Memos incorporate NBC policies including the Policy Against Harassment. The 2007 Deal Memo specifically lists and incorporates the Policy by reference. *See Allis-Chalmers*, 471 U.S. at 204. "[T]he right asserted . . . derives from the contract . . . [and] any attempt to assess liability here inevitably will involve contract interpretation." *Id.* at 218. Although Johnson did not acknowledge receipt of the Policy on the face of the Deal Memos, he does not contest he signed the Deal Memos or received the Policy Against Harassment.

Johnson's argument that the CBA and Policy complaint processes are in conflict only underlines that his claim is substantially dependent on interpretation of the terms of agreement in the labor contract at issue. The CBA, Deal Memos, and the Policy all must

5

be interpreted to determine whether the complaint procedures are mutually exclusive and, if so, which complaint procedure controls. The complaint procedures are not mutually exclusive. The grievance procedure in the CBA requires the Union and the employer to resolve "[a]ll complaints, disputes or questions as to the interpretation, application or performance of [the CBA] . . . ." using procedures set forth in the CBA. Conversely, the Policy requires the employee to report the conduct to NBC so it may investigate the allegation and determine whether it will take remedial action. Accordingly, the Union's filing and resolution of a grievance on behalf of Johnson would not be inconsistent with Johnson's notice to NBC of the purported harassment. But even if the procedures were inconsistent, Johnson's claim is completely preempted because both the CBA and the Policy would need to be interpreted to determine which is controlling.

For the foregoing reasons, we will affirm the judgment of the District Court.